UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cr-20124-ALTONAGA/DAMIAN

UNITED STATES OF AMERICA

vs.

JASON WAGNER,

     Defendant.
_____/

**REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTIONS TO DISMISS AND SEVER
COUNT FIVE OF THE SUPERSEDING INDICTMENT**

THIS CAUSE is before the Court on Defendant, Jason Wagner's, Motion to Dismiss Count Five of the Superseding Indictment, filed November 18, 2022 [ECF No. 57], and Motion to Sever Count 5 of the Superseding Indictment, filed November 21, 2022 [ECF No. 65] (the "Motions"). The Motions were referred to the undersigned by the Honorable Cecilia M. Altonaga, Chief United States District Judge, to take all necessary and proper action as required by law. [ECF Nos. 68 and 89]. *See* 28 U.S.C. § 636(b)(1)(B) and (C).

The undersigned has reviewed the parties' memoranda [ECF No. 57, 65, 75, 76], the pertinent portions of the record, and all relevant authorities and is otherwise fully advised in the premises. The undersigned also heard from Defendant and counsel for both parties at an evidentiary hearing held on December 12, 2022. For the reasons that follow, the undersigned recommends the Motions be denied.

**I.   RELEVANT BACKGROUND**

On March 31, 2022, Defendant was charged by way of a one-count indictment with Sex Trafficking by Force and Coercion, in violation of Title 18, United States Code, Section

1591(a)(1) and (b)(1). [ECF No. 6 (The "Indictment")]. The Indictment charged conduct occurring from June 2021 through March 17, 2022, and involving one victim, identified in the Indictment as VICTIM 1. *Id*. The case was initially set for trial during the two-week period beginning June 6, 2022. [ECF No. 11]. Thereafter, the trial was continued several times upon Defendants' motions (*see* ECF Nos. 22, 23, 25, 26, 28, 29, 33), and the case was eventually set for trial in November 2022. [ECF No. 33].

On October 4, 2022, a little over a month before trial was set to begin, the United States filed a Superseding Indictment against Defendant. [ECF No. 38]. The Superseding Indictment includes six counts: (1) Sex Trafficking by Force and Coercion; (2) Kidnapping; (3) Obstruction of Sex Trafficking Enforcement; (4) Sex Trafficking by Force, Fraud, and Coercion; (5) Sex Trafficking by Force, Fraud, and Coercion; and (6) Use of a Facility of Interstate and Foreign Commerce in Aid of a Racketeering Enterprise. The Superseding Indictment charges conduct involving two additional victims, identified in the Superseding Indictment as VICTIM 2 and VICTIM 3. Although Counts 1-4 and 6 of the Superseding Indictment allege criminal activity by Defendant between May 2021 and March 2022, which is approximately the same period charged in the original Indictment, Count 5, pertaining to VICTIM 3, alleges criminal activity by Defendant between October 2007 and January 2008, fourteen years earlier than the conduct alleged in the other Counts.

On November 18, 2022, Defendant filed a Motion to Dismiss Count 5 of the Superseding Indictment and Request for Hearing, asserting pre-indictment delay pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure and the Due Process Clause of the Fifth Amendment to the Constitution. [ECF No. 57]. On November 21, 2022, Defendant filed a Motion to Sever Count 5 of the Superseding Indictment. [ECF No. 65]. The United

States filed Responses to Defendant's Motions on December 2 and 5, 2022. [ECF Nos. 75 and 76].

The undersigned held an evidentiary hearing on December 13, 2022, and heard from counsel for the parties, as well as from Defendant, regarding both Motions.[1] [ECF No. 86].

The Motions are fully briefed and ripe for adjudication.

## II. APPLICABLE LEGAL STANDARDS

### A.   *Motion To Dismiss Based On Pre-Indictment Delay*

"The limit on pre-indictment delay is usually set by the statute of limitations." *United States v. Foxman*, 87 F.3d 1220, 1222 (11th Cir. 1996). However, the Due Process Clause of the Fifth Amendment may bar an indictment even when, as here, the indictment is brought within the applicable limitations period. *Id*. For the due process bar to apply, a defendant must establish both (1) that the delay in bringing the indictment actually prejudiced his defense, and (2) that the delay resulted from a deliberate design by the government to gain a tactical advantage over him. *United States v. Farias*, 836 F.3d 1315, 1325 (11th Cir. 2016). "This standard is an exceedingly high one." *United States v. Butler*, 792 F.2d 1528, 1533 (11th Cir.

---

[1] Earlier the same day as the hearing before the undersigned, Defendant and counsel for the parties appeared before Chief Judge Cecilia Altonaga for a hearing on Defendant's Motion for Reconsideration of the Court's Order denying Defendant's Motion to Continue the Evidentiary Hearing before the undersigned based on Defendant's request for the appointment of different counsel. *See* ECF Nos. 73, 74, 82, 83, and 85. Chief Judge Altonaga held that Defendant's current counsel shall remain as counsel and that the hearing before the undersigned was to proceed as scheduled. [ECF No. 85.]. Although Defendant expressed to the undersigned, as he did before Chief Judge Altonaga, that he was not satisfied with his counsel and that he did not want to proceed with the hearing, the undersigned went to great lengths to assure that Defendant could be heard on the issues before the Court and that he fully understood the proceedings regarding the Motions now before the Court. The undersigned is satisfied that Defendant was engaged and understood the proceedings and the issues presented and that his attorney was fully prepared to, and did, proceed with the hearing.

3

1986) (internal quotations omitted); *see also Foxman*, 87 F.3d at 1224 n.4 ("[D]ismissing an indictment under the Due Process Clause for pre-indictment delay is rare. In fact, so far as we can tell, we have never concluded that such a dismissal was appropriate.").

  **B.** *Motion To Sever*

  An "indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Courts "determine whether joinder is proper by looking at 'the allegations stated on the face of the indictment[.]'" *United States v. Annamalai*, 939 F.3d 1216, 1223 (11th Cir. 2019) (quoting *United States v. Dominguez*, 226 F.3d 1235, 1238 (11th Cir. 2000)). Federal Rule of Criminal Procedure 8(a) is construed broadly in favor of joinder of offenses that are of the same or similar character, even if such offenses do not arise at the same time or out of the same series of acts or transactions. *United States v. Hersh*, 297 F.3d 1233, 1241 (11th Cir. 2002) (internal quotations omitted). Offenses need only be similar, not the same, for joinder to be appropriate. *United States v. Walser*, 3 F.3d 380, 385 (11th Cir. 1993). Similar offenses are those that are "[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness." *Id.* (internal quotations omitted). Moreover, when offenses are joined under Rule 8(a) because of their "same or similar character," they need only be of a similar nature, not necessarily involving the same evidence or timing. *Hersh*, 297 F.3d at 1241.

  Nevertheless, "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . . the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "The decision

4

whether to grant a severance lies within the district court's sound and substantial discretion." *Annamalai*, 939 F.3d at 1223.

### III. DISCUSSION

A.   *Defendant's Motion To Dismiss Count 5 Of The Superseding Indictment*

Defendant argues that the Government's delay in charging the conduct alleged in Count 5 of the Indictment warrants dismissal of Count 5 on grounds the delay prejudices his defense because he is unable to adequately investigate the allegations involving conduct occurring more than fourteen years ago. [ECF No. 57 at 3]. Defendant also argues that he will be prejudiced in the eyes of the jury because they will now infer that he has been engaged in the charged criminal activity for more than a decade whereas, without Count 5, the jury will only be led to consider conduct occurring during a ten-month period. *Id*. In the Motion to Dismiss, Defendant concedes he had not identified a basis to argue that the delay resulted from a deliberate design by the Government to gain a tactical advantage. *Id*. at 4.

In its Response to the Motion to Dismiss, the United States asserts that there is no basis for dismissal based on pre-indictment delay. [ECF No. 75 at 1]. The United States explains that the delay in adding the conduct alleged in Count 3 was not the result of deliberate design by the Government but, instead, is attributable to the fact that law enforcement first learned about VICTIM 3, the subject of Count 5, on March 30, 2022, while investigating the allegations in the original Indictment. *Id*. at 5. The United States asserts that the Government worked diligently to locate VICTIM 3 and investigate claims involving her and then promptly presented the Superseding Indictment to the grand jury on October 4, 2022, within approximately six months of first learning about VICTIM 3. *Id*.

The United States argues that Defendant has not made a *prima facie* showing that the alleged delay resulted from a deliberate design by the Government to gain a tactical advantage sufficient to even warrant an evidentiary hearing. *Id*. at 7. The United States also contends Defendant's Motion does not demonstrate that he has suffered actual prejudice. *Id*. at 6-7.

At the hearing, Defendant was unable to articulate any specific information demonstrating actual prejudice and offered no further basis for arguing prejudice beyond what was set forth in the written Motion. It is worth noting that during the hearing, Defendant indicated that there are pros and cons to presenting the evidence regarding Count 5 to the jury during the trial concerning the remaining Counts such that the claim of prejudice resulting from the jury hearing about conduct spanning fourteen years as opposed to six months is diminished. Also at the hearing, Defendant's counsel conceded that he is unaware of evidence demonstrating that the delay in presenting the conduct alleged in Count 5 to the grand jury resulted from a deliberate design of the Government to gain a tactical advantage over Defendant. On the other hand, counsel for the United States proffered information regarding the timing of events leading to the filing of charges related to VICTIM 3 which supports its position that the delay was not attributable to improper or deliberate conduct by the Government.

The undersigned finds that Defendant's concern that he will be unable to adequately investigate the older conduct alleged in Count 5 of the Superseding Indictment is insufficient to satisfy his high burden of demonstrating actual prejudice. Moreover, there is no evidence in the record that the delay resulted from a deliberate design of the Government to gain a tactical advantage over Defendant. Therefore, Defendant is unable to establish either of the necessary elements for dismissal based on pre-indictment delay, and, as such, the undersigned

recommends that Defendant's Motion to Dismiss Count 5 of the Superseding Indictment [ECF No. 57] be denied.

### B. *Defendant's Motion To Sever Count 5 Of The Superseding Indictment*

In the Motion to Sever, Defendant argues that the inclusion of Count 5 in the Superseding Indictment violates Rule 8(a) of the Federal Rules of Criminal Procedure on the grounds the allegations contained therein involve a new and different alleged victim from those in the remaining Counts and are based on different facts separated by an excessive amount of time. [ECF No. 65 at 2]. Defendant also argues that the allegations in Count 5 are not connected with and do not constitute part of a common scheme or plan with those at issue in the remaining Counts. *Id*. Lastly, Defendant argues in the Motion that he will be prejudiced if Count 5 is tried in the same trial as the remaining Counts on the same grounds alleged in support of the Motion to Dismiss (inability to adequately investigate the older conduct and prejudice in the eyes of the jury based on an appearance of conduct spanning fourteen years as opposed to six months). *Id*. at 3-5.

In Response, the United States contends that the Motion should be denied because Counts 1, 4, and 5, all of which charge Defendant with sex trafficking, are of the same or similar character. [ECF No. 75].

At the hearing, counsel for Defendant informed the undersigned that Defendant is unsure whether he wants Count 5 severed, and Defendant confirmed that he is not certain whether, strategically, he wants Count 5 to be severed or to be tried together with the other Counts. Defendant's counsel indicated that he had not had sufficient time to discuss the issue with Defendant but filed the Motion to Sever in an abundance of caution because the deadline to do so was approaching.

Also at the hearing, counsel for the United States pointed out that even if Count 5 is severed, the United States will, in any event, offer the evidence concerning VICTIM 3, and, potentially, VICTIM 3's testimony, to establish Defendant's motive, intent, plan, knowledge, identity, and/or absence of mistake as to the crimes charged in the remining Counts pursuant to Rule 404(b)(2) of the Federal Rules of Evidence.

Based on the record, the undersigned finds that the interactions between Defendant and VICTIMS 1, 2, and 3 all revolve around and are based on similar facts and circumstances, including allegations of similar conduct and *modus operandi*, such that the charges are of a sufficiently similar character. Moreover, Defendant did not come forward with evidence or information demonstrating that the charges are so dissimilar that they should be severed, nor did Defendant come forward with information demonstrating prejudice sufficient to warrant severance. As indicated above, Defendant explained to the undersigned that he is not sure he wants Count 5 severed as there may be some advantages to presenting the evidence regarding Count 5 during the trial of the remaining Counts.

Therefore, because Count 5 is of the same or similar character as the remaining Counts in the Superseding Indictment and Defendant's assertions regarding potential prejudice are too speculative, the undersigned finds Defendant has not demonstrated that severance of Count 5 is warranted. Accordingly, the undersigned recommends that Defendant's Motion to Sever Count 5 of the Superseding Indictment [ECF No. 65] be denied.

### IV. RECOMMENDATION

Based on the foregoing, the undersigned respectfully recommends that Defendant's Motion to Dismiss Count 5 of the Superseding Indictment [ECF No. 57] and Motion to Sever Count 5 of the Superseding Indictment [ECF No. 65] be **DENIED**.

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Cecilia M. Altonaga, Chief United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami Florida, this 16th day of December 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Cecilia M. Altonaga
      Counsel of Record