UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20124-CR-ALTONAGA(s)(s)

UNITED STATES OF AMERICA,

      **Plaintiff,**

vs.

JASON WAGNER,
    a/k/a "Ace,"
    a/k/a "King Ace,

      **Defendant.**

_____/

**UNITED STATES' TRIAL BRIEF ON THE DEFENDANT'S CROSS-
EXAMINATION OF VICTIM 2 AND VICTIM A ON PENDING
CRIMINAL CASES**

      The United States of America, by and through the undersigned Assistant United States Attorney, files this Trial Brief on the Defendant's cross-examination of Victim 2 and Victim A on their pending criminal cases to assist the Court during trial. As discussed below, this Court should preclude the Defendant from cross-examining Victim 2 and Victim A on their pending criminal cases because that information is irrelevant, inadmissible, and unfairly prejudicial.

    **I.**    **Background**

      The Defendant is charged with Sex Trafficking Victim 1 by Force and Coercion (Count 1); Kidnapping Victim 1 (Count 2); Obstruction of Sex Trafficking Enforcement (Count 3); Sex Trafficking Victim 2 and Victim 3 by Force, Fraud, and Coercion (Counts 4 and 5); and Use of a Facility of Interstate and Foreign Commerce in Aid of a Racketeering Enterprise (Count 6). (DE 119). In addition to presenting testimony from the victims named in the

Second Superseding Indictment, this Court has ruled that the government can admit testimony from 404(b) and inextricably intertwined victims, including Victim A. DE 138.

Recently, the government learned that Victim A and Victim 2 have pending criminal cases and were in law enforcement custody as a result. Specifically, the government learned that on July 12, 2023, Victim A was arrested in Lowndes County, Georgia, for trespassing, a misdemeanor, after refusing to leave the South Georgia Medical Center. Exhibit A. She has remained in custody since her arrest despite being given a $1,000 bond. *Id.* Victim 2 was arrested on July 25, 2022, for violating her probation[1] by failing to undergo a drug and alcohol evaluation. Exhibit B. She has remained in custody since her arrest.

II.     **Memorandum of Law**

This Court should preclude the Defendant from cross-examining Victim A and Victim 2 about their pending criminal cases because they are inadmissible, irrelevant, and have a very high potential for undue prejudice. First, under Federal Rule of Evidence 609, only criminal convictions for felonies or crimes of dishonesty are admissible to attack a witness's character for truthfulness. Neither exists here. Victim 2's pending matter relates to a violation of probation on a felony charge that she was not adjudicated of, while Victim A's pending trespass charge is a misdemeanor. *See* Exhibits A and B.

---

[1] On January 25, 2020, Victim 2 was arrested for child neglect with no great bodily harm, a third-degree felony, and contributing to the delinquency or dependency of a minor, a first-degree misdemeanor. Exhibit C. The charges involved Victim 2's niece being sexually assaulted by an unknown male while in the company of Victim 2 at a drug house. *Id.* On May 18, 2022, the Miami-Dade State Attorney's Office gave Victim 2 a "Queen for a Day" letter, in which she was afforded limited use immunity for information she provided about the unknown male. *See* Exhibit D. Thereafter, on June 15, 2022, Victim 2 pled guilty as charged and received a withhold of adjudication and was sentenced to a period of probation. Exhibit E.

Next, the facts underlying the Victims' recent arrests—Victim A's refusal to leave a hospital and Victim 2's failure to undergo a drug evaluation—are irrelevant to the Defendant's charged conduct. Lastly, there is no basis for believing that either victim has a motive to testify against the Defendant because of the possibility that they might receive a benefit. To the contrary, Victim A and Victim 2 provided their first statements to law enforcement on April 11, 2022,[2] and May 18, 2022,[3] respectively, which is over a year before their arrests in their pending cases. Moreover, upon learning of the Victims' recent arrests, the United States has not intervened or requested that either victim receive preferential treatment, as evidenced by the fact that both victims have remained in custody. Accordingly, any cross-examination on this point would not serve a legitimate basis and would simply mislead the jury.

The Eleventh Circuit has consistently affirmed the exclusion of cross-examination regarding a witness' unrelated pending criminal charges. *See United States v. Chappell,* 307 Fed. App'x 275, 280-81 (11th Cir. 2009); *United States v. Allen,* 353 Fed. App'x 352, 355-56 (11th Cir. 2009); *Francis v. Dugger*, 908 F.2d 696, 699, 702 (11th Cir. 1990). In *Chappell*, the Eleventh Circuit held that the defendant's Confrontation Clause rights were not violated in a bank robbery case where the defendant was prohibited from cross-examining a government witness about pending state drug charges. The district court allowed the parties to question the witness out of the presence of the jury, during which the witness testified that "he had not received any promises regarding his pending state court charges," and "he did not think he would get any benefit with regard to those charges by testifying for the government in [the defendant's]

---

[2] Victim A's first statement was produced at bates label USA000430 on April 15, 2022, in the First Response to the Standing Discovery Order.
[3] The substance of Victim 2's first statement was produced at bates label USA002546 on September 1, 2022, in the Fifth Response to the Standing Discovery Order.

case." *Id.* at 280. The Eleventh Circuit found that the witness' pending state charges were only "marginally relevant," noting there was no showing that (1) the charges were relevant to the defendant's case, or (2) that the witness made a deal with the government regarding his charges or expected to receive any favorable treatment for his testimony in the defendant's trial. *Id.* at 281 (citing *Francis*, 908 F.2d at 699, 702).

Similarly, in *Allen,* the Court held in a drug case that it was not a violation of the Confrontation Clause to prohibit cross-examination of a government witness about a pending murder charge where there was no evidence that the drug offense and the murder were related. The Court also found that questioning the witness about the pending murder charge had a "very high potential for undue prejudice because it was evidence of prior criminal conduct, even though the witness had been convicted of this conduct. Because this line of questioning had minimal relevance to this case while having a very high potential for undue prejudice, the district court did not abuse its considerable discretion by limiting Smith's cross-examination of that witness." 353 Fed. App'x at 356 (citation and footnote omitted).

In deciding both *Chappell* and *Allen*, the Eleventh Circuit relied upon *Francis*. In that case, the Court held in a capital murder trial that the state court properly prohibited the defendant from cross-examining a prosecution witness about an unrelated murder charge pending against the witness. In affirming the state habeas court, the Eleventh Circuit concluded that in the absence of an agreement by the state to grant the witness a benefit on the pending murder charge and in the absence of "how her answer [about the pending charge] would be relevant to prove a material fact other than her bad character or propensity toward violence," evidence of the charge was only "marginally relevant," and thus inadmissible. *Id.*

### III. Conclusion

Accordingly, this Court should preclude the Defendant from cross-examining Victim A and Victim 2 on their pending criminal matters during trial. If the Court allows the Defendant to inquire of the victims regarding their expectations of benefits in exchange for their trial testimony, this Court should allow the Defendant to do so out of the presence of the jury consistent with the trial court's procedure in *Chappell*.

                                      MARKENZY LAPOINTE
                                      UNITED STATES ATTORNEY

By:   **Lacee Elizabeth Monk**
        Lacee Elizabeth Monk
        Assistant United States Attorney
        Florida Bar No. 100322
        U.S. Attorney's Office
        99 N.E. 4th Street, Miami, FL 33132-2111
        (305) 961-9427| Lacee.Monk@usdoj.gov