UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20124-CR-ALTONAGA(s)(s)

UNITED STATES OF AMERICA,

    **Plaintiff,**

vs.

JASON WAGNER,
    a/k/a "Ace,"
    a/k/a "King Ace,

    **Defendant.**

_____/

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Sentencing Memorandum to assist the Court in fashioning the appropriate sentence for the Defendant, Jason Wagner. For the reasons stated herein, the government recommends that this Court impose a sentence of 40 years' imprisonment.

    I.    **OVERVIEW**

As established at trial, the Defendant is a manipulative and violent pimp who has preyed upon vulnerable woman and girls since as early as 2003 for his own sexual gratification and financial gain. Indeed, the only extended period of time that the Defendant hasn't profited from the sexual exploitation of women in the last twenty years was while he was incarcerated for kidnapping and beating one of his many victims, Victim B. Nevertheless, he was undeterred by his incarceration and began trafficking, Victim 2, and promoting the

prostitution of several other women, while on conditional supervised release. This conduct demands a 40-year sentence.

## II. LEGAL ANALYSIS

When imposing a sentence, district courts must first calculate the applicable Sentencing Guidelines range and then consider and balance the sentencing factors set forth in Title 18, United States Code, Section 3553(a) to determine a "reasonable" sentence. <u>United States v. Talley</u>, 431 F.3d 784, 786 (11th Cir. 2005). Specifically, § 3553(a) provides that courts must consider the nature and circumstances of the offense, as well as the history and characteristics of the defendant. Additional factors outlined in § 3553(a) include the need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; the kinds of sentences available; the sentencing range; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a). After considering the § 3553(a) factors here, this Court should impose a 40-year sentence.

## III. ARGUMENT

   a. <u>Nature and Circumstances of the Offenses and History and Characteristics of the Defendant</u>

The nature and circumstances of the Defendant's crimes demonstrate that he targeted his victims based on their vulnerabilities and had a callous indifference to the harm he caused them. As illustrated through the testimony and evidence at trial, the Defendant deliberately preyed upon the most vulnerable women and girls in our society. Victim C gave a heart wrenching account of being "sold" to the Defendant when she was 17-years old after coming to Miami on a trip with several acquaintances. She described how the Defendant forced her

to have sex with him and then to engage in commercial sex with multiple men, despite having told him that she was a minor.

Similarly, the Defendant picked Victim B, a 15-year-old runaway, up off the street, developed a sexual relationship with her, and then used that relationship to force her to work in strip clubs and engage in commercial sex. The Defendant even went so far as to provide Victim B with the personal identifying information of an adult woman so that Victim B could get a Florida driver's license that falsely indicated that she was an adult. See Gov. Trial Exhibits 57, 58. Victim B testified that the Defendant beat her regularly and also raped her. Moreover, the Defendant impregnated her and struck her while pregnant, forcing her to go into early labor. Victim B gave birth prematurely to a baby boy who died in the hospital. Victim B has advised that after the baby died, the Defendant deleted her photographs of the child, erasing the only memories she had of him.

Victim 2 testified that she was sexually abused as a child and has struggled with substance abuse throughout her adult life, facts that the Defendant was aware of. Armed with this information, the Defendant trafficked Victim 2 in 2021, knowing that she had just completed a drug rehabilitation program, and then provided her with molly multiple times a day while he trafficked her.

Finally, Victim 3 testified the Defendant offered her a place to stay when she was only 19 years old, jobless, and getting evicted. Once with him, he quickly forced her to engage in commercial sex, keeping her locked in his one-room apartment. When she was finally able to escape, he found her using a ruse, slapped her, and took all her money.

b. **The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Afford Adequate Deterrence to Criminal Conduct, and to Protect the Public from Further Crimes of the Defendant**

Next, the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the Defendant all support the imposition of a 40-year sentence. See 18 U.S.C. § 3553(a)(2)(a)-(c). Here, the Defendant's sex trafficking crimes are undoubtedly serious as Congress has made them punishable by at least 15 years' imprisonment with a maximum of life imprisonment. 18 U.S.C. § 1591(b)(1). Moreover, the fact that the Defendant trafficked Victim 2 *while he was on conditional supervised release for kidnapping and beating Victim B* clearly demonstrates that he was undeterred by his prior 12-year prison sentence. See Gov. Trial Exhibits 44, 45, 46, 56, 75F, 75F(1); see also DE 228 at 7-57 (Business records from the Florida Department of Corrections showing that the Defendant was on conditional supervised release from August 23, 2020, through December 16, 2021). Thus, this Court should conclude that the only way to protect the public from the Defendant engaging in additional criminal activity is by another lengthy period of incarceration.

c. **The Sentencing Range and the Need to Avoid Unwarranted Sentence Disparities**

Lastly, the Defendant's sentencing range and the need to avoid unwarranted sentence disparities also supports a 40-year sentence. 18 U.S.C. § 3553(a)(4)(A), (6). As previously mentioned, the Defendant faces a mandatory minimum period of 15 years' imprisonment with a maximum period of imprisonment of life.[1] In similar cases, courts have imposed

---

[1] At the time of this Sentencing Memorandum, the Defendant's guideline range has not been finalized as several enhancements are still at issue. Nevertheless, the government anticipates that the Defendant's guideline range will be 360 months to life imprisonment.

comparable sentences. For example, in United States v. Hamidullah, 847 F. App'x 659 (11th Cir. 2021), the Eleventh Circuit upheld a 40-year sentence in a case with strikingly similar facts. In Hamidullah, the Defendant pled guilty to one count of sex trafficking by force, fraud, and coercion and related offenses for trafficking three women. Id. at 661. During his plea hearing, the defendant admitted to advertising the women for commercial sex on Internet webpages. Id. The defendant also admitted to assaulting one of his victims, retaining all of her prostitution proceeds, taking her cell phone, confiscating all of her money, having her tattooed with the word "Daddy," and installing an alarm on the apartment door without providing her the access code. Id. at 661-62. The defendant was sentenced to 482 months' imprisonment, which the Eleventh Circuit upheld on appeal. Id. at 670-71.

Likewise, the Defendant in the instant case advertised his victims online, held them captive, confiscated all of the proceeds from their commercial sex, and branded Victim B. Here, as in Hamidullah, a 40-year sentence is appropriate. See also United States v. Gatlin, No. 19-14969, 2024 WL 57459, at *15 (11th Cir. Jan. 5, 2024) (upholding a life sentence for a defendant who trafficked a single minor that he also battered and engaged in sex acts with); United States v. Fields, 625 F. App'x 949 (11th Cir. 2015) (upholding a 405-month sentence where the defendant was convicted of sex trafficking multiple adults by providing them with addictive drugs). Accordingly, a 40-year sentence is in line with sentences received by defendants who have been found guilty of similar conduct. See 18 U.S.C. § 3553(a)(6).

## IV.  CONCLUSION

For the foregoing reasons, the government respectfully recommends the Defendant be sentenced to 40 years' imprisonment.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY:  **Lacee Elizabeth Monk**
LACEE ELIZABETH MONK
Assistant United States Attorney
Florida Bar No. 100322
99 N. E. 4th Street
Miami, Florida 33132-2111
TEL (305) 961-9427
Lacee.Monk@usdoj.gov
