IN THE UNITED STATES OF AMERICA FOR
SOUTHERN DISTRICT OF FLORIDA

FILED BY [signature] D.C.
JAN 29 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES OF AMERICA
Appellee/Plaintiff

vs.

Case No.22-CR-20124)

JASON WAGNER
Appellant/Defendant

---

DEFENDNANT'S MOTION FOR INDICATIVE RULING PURSUANT TO RULE 62.1

COMES NOW, Defendant, Jason Wagner, herein pro-se respectfully moves this Honorable Court for an Indicative Ruling pursuant to Federal Rule 62.1, while the above-captioned case is pending on appeal and in support states the follows;

The motion now before the court involves matters of constitutional significance. Which amounts to Defendant not being able to present an Appellate arguement on his claim due to case records being incomplete and/or tampered with.

Federal Rule 62.1 provides in relevant part:

Rule 62.1 Indicative Ruling on a motion for relief that is barred by a pending appeal:

(a) Relief Pending Appeal. If a timely motion made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending the court may:

(1) defer considering the motion;
(2) deny the motion; or
(3) state either that it would grant the motion if the court of appeals remands for that purposes or that the motion raises a substantial issue.

(b) Notice to the Court of Appeals. The movant promptly notify the circuit Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.

(c) Remand. The district court may decide the motion if the court of appeals remands for that purpose.

## ISSUES PRESENTED

Docket Entry (DE) #203 jury notes/questions is incomplete, defective and/or tampered with. The appellate record i.e. case file as it currently stands will restrict the appellate court of it's ability to render just and proper consideration and is prejudicial to Defendant's appeal.

DE#203 Pages one & six are mysteriously exact carbon copies of one another. Somehow, intentionally or unintentionally a exact copy of jury question form page 1 of DE #203 found itself on page 6, of DE #203.

Because of the numerous bad faith misconducts in this case from beginning until now, with most of it being well documented. One such example is:

Docket entry #43 page 2, lines 21,22:

"the government seems to be playing some kind of game with my clients life."

DE#43 page 6, lines 8,9,10,13,14:

> "the government's response is basically like Mr. Wagner is a bad guy so let us do whatever we want to do." "They are basically telling you well we should be able to do whatever we want because he is a bad guy.(This was my then attorney exposing just a little of the over abundant corruption & misconduct in this case).

Based off of these and many other blatant unethical conduct, the tampering of DE #203 was a obvious slight of hand, with deliberate intent.

Page 6, of DE #203 (the exact copy of page 1) just so happens to replace a missing jury note that is not in DE #203 yet clearly spoken of in trial transcripts DE #256 page 4 (*which will be explained next). Jury notes in DE #203 pages 4,5,7,8,9, are all dated 10/24/23 yet page 6 (the fraudulent copy) being in the middle of these pages that are in orded by date, is dated 10/23/23 clearly out of place and replacing the missing jury note of 10/24/23.

*The explanation of the missing jury note for 10/24/23 which should of been page 6 of DE #203 yet was replaced with a copy of page 1 of DE #203 instead, is clear in these trial transcripts written below.

DE #256 page 4, line 1,3,4,5,6,7, (the following proceedings were held at 11:07am);

The Court: Good morning. Please be seated. "what happens if we are unable to reach a unanimous verdict on some counts?" do you all have a proposed answer to the question?

Ms. Monk: We are working on it right now, you honor.

This jury question/note was submitted at 10:50 am with 2 other jury notes and addressed in open court at 11:07 am on page 4, DE #256. This above jury note and the courts response are omitted from the docket even though the jury note and courts response are clearly spoken about in the trial transcripts and having 2 other jury notes submitted in DE #203 for that same time of 10:50 am even though these 2 jury notes were never spoken about in the trial transcripts. Yet you can see them on DE #203 pages 3,4,5, with page 5 being a separate piece of paper that answers pages 3 & 4.

There is more omitted jury questions/notes and questionable privy jury info on day 7 trial transcript 10/25/23 DE #255 page 4, lines 2,3,4,5,6,7,8,9,10,11,12 13:

The Court: Have the attorneys received the notes from today, several notes?

Mr. Kahn: Yes.

The court:We're losing a juror tomorrow. Thank you I don't know if part of your discussion was to replace this juror #7 with a alternate but one of the jurors won't be able to come back tomorrow. And there's also the issue whether having juror #7 participate in the deliberations as he has up until this point has tainted the jury and the whether that taint can be undone by simply replacing him.

Line 3 were the judge said "received the notes from today, SEVERAL notes" clearly implicates that there is multiple jury notes and then spoke about those SEVERAL jury note issues. The fact that there is only note for that day of 10/25/23 proves that the several jury notes the judge spoke on are absent from the docket #203. (for candor & clarity there is 1 other jury note later on that day saying they reached a verdict this changes noting above). The one jury note of 10/25/23 at 10:20 am page 10, of DE #203 states:

"We will not be able to come to a unanimous decision on 3 charges after extensive debate. How should we proceed?"

There is NO response to this jury question/note in DE #203 of jury notes, nor in the trial transcripts that in itself a small issue but the large issue being that this one jury note page 10 has nothing to do with the issues discussed from the SEVERAL jury notes the judge spoke on. This one jury notes is a deadlock and a very important issue for appeal when added with the absent jury notes that the jury subnitted with this one, the compounding importance for appeal is astronomical and in no way should be absent from DE #203 or any transcript.

These SEVERAL jury notes/questions and responses were never placed in DE #203 as they should have been. The information that the judge spoke on in reference to SEVERAL jury notes DE 255 page 4, how a juror won't be able to come back tomorrow and whether having juror #7 participate in the deliberations as he has tainted the jury up until this point. BEGS the question how did the court obtain this information? as it had never been discussed with or in front of the defendant, and it was never addressed in open court, nor is the jury note asserting these factual claims.

If these SEVERAL jury notes do not speak of a possible losing of a juror & juror taint, it gives rise to the possibility that prohibited communications with jurors occurred, violating the jury communication rule. Rule 43(a) (Fed.R.Crim.P) requeires trial courts to disclose communication with jurors and provide the defendant with an opportunity to be heard prior to responding to the communication. **Rogers vs. United States**, 422 U.S. 35,(1975); **United States vs. Shenberg**, 89 F.3d 1461,(11th Cir. 1996). Being that defendant was not present for any discussion concerning the issues from these SEVERAL jury notes that just so happened to completely vanish added with the fact that defendants attorney never discussed any of these issue with defendant, making it impossible for defendant to be heard prior to responding as the above law states.

It also sheds light on why some of these jury notes suddenly disappeared from the record nonaccidental! Taking in to consideration that counsel may have construed the judges request to keep it where he wanted to go with the jury notes and not go in to the issues themselves with his client, being that the judge was speaking about counsels client and then went directly into requesting counsel to keep it where he wanted to go this could easily be taken as instructions below is those transcripts.

DE #255 page 4 line 23,24,25:

The court: You need to confer with your client he doesn't need to get dressed just yet. Just keep it where you want to go with this.

Another omitted jury note/question which is clearly outlined in trial transcripts below.

DE #257 page 112 line 23,24:

The court: We have the jury's note. One juror 27, who requests to be excused due to extreme pain from his abdomen.

This juror was ultimately excused. Furthermore in, **United States vs. Spence** 163 F.3d 1280,(11th Cir. 1998): juror became sick during deliberation but no effort was made to determine if she would be available to continue the next day. The failure to make sufficient inquiry resulted in an ability to determine if there was "just cause" for the removal of the juror and the conviction was reversed.

The importance of having this juror note and the subsequent response from the presiding judge is critical to defendant's appeal. As nowhere on the case record does the judge instruct the remaining jurors to begin deliberations again and wipe out of their minds whatever discussions that had occurred prior to the alternate joining the deliberations. These instructions are required when a new juror replaces a sitting juror during deliberation to avoid coercion by other jurors who might have already formulated positions viewpoints or opinions. See **United States vs. Phillips** 664 F.2d 971,(5th Cir. 1981): also see **United States**

**Guevara.** 823 F.2d 446,(11th Cir. 1987). The Circuit precedence requires that the [defendant] agrees with the replacement of a juror once deliberations have commenced which defendant did not. See **Peek vs. Kempt.** 784 F.2d 1479,(11th Cir. 1986). **United States vs. Register**, 182 F.3d 820,(11th Cir. 1999).

These aforementioned requirements are absent from the case record. Therefore the deficient appellate record hamstrings defendant from his right to appeal and too prevent the appellate court from exercising their judicial duties. The omitted and/or tampered jury notes to the court are exhibits that must be a part of the case-record the clerk submits to the Appellate Court post notice of appeal. Where trial exhibits have not been transmitted to the Appellate Court and their contents may be dispositive of an issue raised on appeal, a remand to reconstruct these exhibits, if possible mav be necessary. See **United States vs. Novaton**, 271 F.3d 968(11th Cir. 2001).

More-over, a message from deliberating jury should be answered in open court after counsel has been informed of its substance and has been given an opportunity to be heard. See **United States vs. Rapp** 871 F.2d 957,(11th Cir. 1989). The court reviews a judge's response to a jury query during deliberations for an abuse of discretion; **United States vs. Delgado**, 56 F.2d 1357,(11th Cir. 1995). However, whether the jury instruction misstated the law or misled the jury is reviewed de novo. See **United States vs. Baston** 818 F.3d 651,(11th Cir. 2016).

Here, the Defendant submits that the missing judge's responses during deliberations are unreviewable under abuse of discretion being that they have been omitted from the appellate record. Also Appellate Court is unable to review some of the jury instructions to the jury, in which this one that was provided is a underlined misstatement of law; at DE #203 page 2, it is suppose to be a copy of jury instructions DE #199 page 5, paragraph (3) these incorrect instructions mislead the jury and while it's reviewed de novo, the record does not

reflect that the court subsequently cured this error. It is impossible to raise appellate objections in good faith when the record reflects omission & manifested error. The trial judge made mention to having a "word document folder" of jury notes & responses. See DE #256 page 4, lines 21,22; Yet the appellate case record to the appeals court is unreliable and as presented forecloses defendant from appealing. Lastly, pages 11 & 13 of DE #203 jury question/notes are completely blank as if confirming there is omitted jury notes. A similiar problem for consideration, the trial transcripts are missing large portions of the trial in this case, some parts very important some not. Yet by LAW the defendant has a right to a record on appeal which includes a complete transcript of the proceeding at trial [and jury notes]. **United States vs. Cashwell**, 950 F.2d 699(11th Cir.1992).

For this and the foregoing reasons Jason Wagner respectfully request that this court issue an indictive ruling under Federal Rule of 62.1, stating that:

> The motion raises a substantial issue; and/or The Court would grant the requested relief if the court of appeals remands for that purpose.

Respectfully Submitted

Jason Wagner
Reg.No. 91742-509
FDC MIAMI
P.OBOX 019120
Miami, Florida, 33101

CERTIFICATE OF SEVTCF

I CERTIFY that I place this document in the hands of the Federal Detention Center Miami mail officer for mailing to : Clerk of the U.S. District Court for the Southern District of Florida, 400 North Ave., Miami, Fl.33128; U.S. Department of Justice, U.S. Attorney's Office, Southern District of Florida 99 N.E. 4th Str. Miami, Fl., 33132, to parties hereinto on this 20 day of January 2026..

Respectfully Submitted

Jason Wagner
Reg.No.91742-509
FDC MIAMI
P.O.BOX 019120
Miami, Fl.33101

Jason Wagner 91742509
Fdc miami
P.O. Box: 019120
Miami, FL.
(33101)

Legal mail

MIAMI FL 330
26 JAN 2026 PM 5 L

FOREVER FOREVER

Clerk of Court
U.S. district court
for the Southern district
400 N. Miami Ave
Miami, FL. (33128)

33128-771699